**Annette KIELHURN, Plaintiff–Appellee,**

v.

**Beverly ROSSI, Defendant,**

**Claudia GIAMMARINARO, Defendant–Appellant.**

**Docket No. 01–7927.**

United States Court of Appeals, Second Circuit.

Oct. 16, 2002.

Claudia Giammarinaro, Pro se, Fair Haven, NJ, for Appellant.

Annette Kielhurn, Pro se, Madison, CT, for Appellee.

Present PARKER, POOLER and B.D. PARKER, Jr., Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED in part, VACATED in part, and REMANDED with instructions.

Defendant-appellant Claudia Giammarinaro, pro se, appeals from the Judgement entered May 2, 2001 in United States District Court for the Eastern District of New York (Arthur D. Spatt, *Judge*) following a jury trial. Plaintiff-appellee Annette Kielhurn brought this suit against Giammarinaro, alleging, among other things, conversion, breach of fiduciary duty, and unjust enrichment. A trial took place in January 2001, and the jury awarded Kielhurn a total of $69,397.31, including $30,600 in compensatory damages and $10,000 in punitive damages on the conversion claim.

Giammarinaro moved post-verdict to reduce the compensatory damages awarded on the conversion claim to an amount not exceeding the sum of $4000 and to set aside the punitive damages award. By Memorandum of Decision and Order, dated April 27, 2001, the district court granted the motion in part, reducing the compensatory damages award to $5600 but allowing the punitive damages award of $10,000 to stand.

On appeal Giammarinaro renews her argument that Kielhurn failed to establish the reasonable value of the items converted. Appellant's Br. at 3. She further contends that Kielhurn testified falsely and requests that this Court allow her to bring forth additional witnesses who did not testify at trial "to show the court the truth." *Id.* at 5–6.

After reviewing the record, we conclude that there was insufficient evidence to support the compensatory damages award of $5600. Although when she questioned Giammarinaro Kielhurn referred to a ring worth $4000 and claimed to own two motorcycles, Kielhurn was not under oath at the time and her statements do not constitute evidence. The only evidence in the record concerning the value of the converted property is that pertaining to a motorcycle and a ring. *See* Tr. at 495 (Giammarinaro conceded that Kielhurn owned one of two motorcycles that Giammarinaro's son sold for $800 each); *id.* at 354 (Kielhurn testified that her diamond ring was "worth thousands of dollars").

Giammarinaro contends on appeal that there was insufficient evidence to support any compensatory damages and apparently seeks to have the entire award vacated. However, she conceded below that the value of the property she converted was at least $4000 when she moved post-verdict to have the award reduced to no greater than that amount.

We therefore vacate the district court's order reducing the jury's compensatory damages award to $5600 and remand with instructions to reduce that award to $4000.

We have considered all of Giammarinaro's other arguments and find them to be without merit.

Giammarinaro's motion filed July 9, 2002 seeking a stay is denied as moot.

For the reasons set forth above, the judgment of the district court is AFFIRMED in part, VACATED in part, and REMANDED with instructions.